UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GARY LAPRIEST, | ) | CASE NO. 4:10 CV 2385 |
| | ) | |
| Plaintiff, | ) | JUDGE DAVID D. DOWD, JR. |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| J.T. SHARTLE, WARDEN, | ) | |
| | ) | |
| Defendant. | ) | |

*Pro se* plaintiff Gary La Priest filed this *Bivens*[1] action against Elkton Federal Correctional Institution ("FCI-Elkton") Warden, J.T. Shartle.  In the Complaint, Mr. LaPriest alleges he is being subjected to regular visual strip searches in violation of the Fourth and Fourteenth Amendments. He seeks $ 9,000,000.00 in compensatory damages and $ 16,000,000.00 in punitive damages.

**Background**

Mr. LaPriest is incarcerated in the minimum security federal prison camp at FCI-Elkton. He has been assigned to an "outside detail" work cadre since April 21, 2009.  He states he works in a garage located on the prison grounds, but outside of the walls of the building in which he is housed.  He works eight hours per day, five days per week, and is always under the supervision of a corrections officer.  He claims his job does not put him in direct contact with the public. Nevertheless, when he re-enters the prison each day, he is subjected to a visual strip search which

---

[1]  *Bivens v. Six Unknown Agents*, 403 U.S. 383 (1971).

requires him to open his mouth, remove dentures, run his hands through his hair, present his ears for examination, lift his testicles, lift his arms, and bend over while spreading his buttocks. He finds this search to be humiliating. He asserts that prison regulations permit visual searches to be done when there is reasonable belief that contraband may be concealed on the person, when a good opportunity for concealment has occurred, or when leaving or re-entering the institution. He disputes that he meets these criteria. He contends that when the search is done on a regular basis to all inmates on the detail, it becomes a strip frisk search, which is used by higher security institutions. He claims FCI-Elkton is violating Bureau of Prisons's policy and his Fourth and Fourteenth Amendment rights.

## Analysis

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[2] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to §1915(e).

---

[2] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

Mr. LaPriest has not demonstrated a violation of his Fourth Amendment rights.  The Fourth Amendment does not prohibit the search of an inmate's person, so long as the search is reasonable in scope, manner, and location; is reasonably related to a valid penological goal; and is not performed for a wrongful purpose, such as to humiliate or degrade a prisoner. *Bell v. Wolfish*, 441 U.S. 520, 558-59 (1970) (finding that visual body-cavity searches of pretrial detainees was reasonable); *Grummett v. Rushen*, 779 F.2d 491, 495-96 (9th Cir.1985) (pat-down searches reasonable); *Madyun v. Franzen*, 704 F.2d 954, 957 (1983) (frisk search is reasonable).  Visual body cavity inspections during strip searches conducted upon inmates returning to the institution are not "unreasonable" under the Fourth Amendment, and are reasonably related to valid penological goals. *Bell*, 441 U.S. at 523.  A "detention facility is a unique place fraught with serious security dangers. Smuggling of money, drugs, weapons, and other contraband is all too common an occurrence." *Id.*  While Mr. LaPriest attempts to differentiate his work situation from situations in which inmates have actual contact with the public, such as contact visits, there is still a heightened risk of the introduction of contraband from his work outside of the prison walls.  The prison regulation permitting visual body cavity searches upon re-entering the prison does not violate Mr. LaPriest's  Fourth Amendment rights.

In addition, Mr. LaPriest has not set forth a claim for relief under the Fourteenth Amendment.  The Fourteenth Amendment provides that a state may not "deprive any person of life, liberty, or property, without due process of law."  U.S. CONST. amend. XIV.  In addition to setting the procedural minimum for deprivations of life, liberty, or property, the Due Process Clause bars "certain government actions regardless of the fairness of the procedures used to implement them." *Daniels v. Williams*, 474 U.S. 327, 331 (1986).  It does not prohibit every deprivation by the state

of a person's life, liberty or property.  *Harris v. City of Akron*, 20 F.3d 1396, 1401 (6th Cir. 1994).  Only those deprivations of constitutionally protected interests which are conducted without due process are subject to suit under 42 U.S.C. § 1983.  *Id.*

Prisoners have narrower liberty interests than other citizens as "lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *Sandin v. Conner*, 515 U.S. 472, 485 (1995).  The question of what process is due is answered only if the inmate establishes a deprivation of a constitutionally protected liberty interest.  *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005).  The Due Process Clause, standing alone, confers no liberty interest in freedom from state action taken within the sentence imposed.  *Sandin*, 515 U.S. at 480.  Conditions of confinement will not implicate a liberty interest unless they impose an "atypical and significant hardship in relation to the ordinary incidents of prison life." *Id.* at  483.  Being subjected to visual body cavity searches when leaving and re-entering the institution is not an "atypical or significant hardship in relation to ordinary incidents of prison life."  *Id*.  Mr. La Priest's Fourteenth Amendment rights were not violated.

## Conclusion

For all the foregoing reasons, this action is dismissed pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[3]

IT IS SO ORDERED.


Date: March 7, 2011
             s/ David D. Dowd, Jr
             DAVID D. DOWD, JR.
             UNITED STATES DISTRICT JUDGE

---

[3] 28 U.S.C. § 1915(a)(3) provides, in pertinent part:

An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.